IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-455-D

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| CAPRI INDUSTRIES, INC., JACQUELYN K. FINK, GARY W. FINK, SHAWN P. HIESTER, and KATHLEEN M. HIESTER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

On January 20, 2015, defendants Shawn P. Hiester and Kathleen M. Hiester ("defendants") moved to dismiss Fidelity and Deposit Company of Maryland's ("Fidelity" or "plaintiff") complaint for lack of personal jurisdiction. See [D.E. 19]; Fed. R. Civ. P. 12(b)(2). On February 13, 2015, Fidelity responded in opposition. See [D.E. 26]. As explained below, the court denies defendants' motion to dismiss.

Under Rule 12(b)(2), plaintiff must prove personal jurisdiction. See, e.g., Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993); Fed. R. Civ. P. 12(b)(2). If the court resolves a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a plaintiff must show only a prima facie case of personal jurisdiction. Mylan Labs, Inc. 2 F.3d at 60. In deciding whether plaintiff has proven personal jurisdiction, the court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Id.; Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).

On June 25, 2007, defendants signed an indemnity agreement in favor of Fidelity. See Compl. [D.E. 1] ¶ 10; [D.E. 26-1] 5. Defendants signed the indemnity agreement in consideration of Fidelity issuing surety bonds on behalf of Capri Industries, Inc. ("Capri") (another defendant in this case). See Compl. ¶ 10. Capri is an electrical contractor based in Florida. See id. ¶ 2; [D.E. 20] 8–9. When defendants executed the indemnity agreement, Shawn Hiester was Capri's Vice President. See [D.E. 26-1] 4–5. Capri has been registered to do business in North Carolina since 2009 and has listed Shawn Hiester as its Vice President since that time. See [D.E. 26-2] 1; [D.E. 26-3] 1, 5. Fidelity issued bonds on Capri's behalf in 2010 concerning two North Carolina projects and those projects and bonds are the subject of the lawsuit in this action. See Compl. ¶¶ 10–41; [D.E. 26-5, 26-6].

North Carolina's long-arm statute provides a basis for exercising personal jurisdiction over defendants. See, e.g., N.C. Gen. Stat. § 1-75.4(5); Universal Leather, LLC, 773 F.3d at 558–63; Ellison Windows & Doors, Inc. v. Vinyl Prods., Inc., No. CIV. A 1:99CV689, 2000 WL 33389671, at *3–7 (M.D.N.C. Jan. 20, 2000) (unpublished); Cornerstone Orthopedic Hosp. v. Marquez, 944 F. Supp. 451, 452–54 (W.D.N.C. 1996). Moreover, in light of the record, applying the long-arm statute to defendants does not violate due process. See, e.g., Universal Leather, LLC, 773 F.3d at 558–63; Ellison Windows & Doors, Inc., 2000 WL 33389671, at *4–7; Cornerstone Orthopedic Hosp., 944 F. Supp. at 453. Thus, the court has jurisdiction over Shawn and Kathleen Hiester. See, e.g., Universal Leather, LLC, 773 F.3d at 558; Hartford Casualty Ins. Co. v. Farley Assocs., Inc., No. 0:13-547-CMC, 2013 WL 3746016, at *3–5 (D.S.C. July 15, 2013) (unpublished); RLI Ins. Co. v. Bennett Composites, Inc., No. CIV.A 04-272, 2005 WL 724184, at *3–4 (E.D. Pa. Mar. 28, 2005) (unpublished); Ellison Windows & Doors, Inc., 2000 WL 33389671, at *4–7; Cornerstone

2

Orthopedic Hosp., 944 F. Supp. at 452–54.

In sum, defendants' motion to dismiss for lack of personal jurisdiction [D.E. 19] is DENIED.

SO ORDERED. This __2__ day of November 2015.

JAMES C. DEVER III  
Chief United States District Judge